Jose Francisco **MARTINEZ–CUADRA**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 05–71795.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed Feb. 27, 2007.

Alison Dixon, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Jennifer P. Wilson, Esq., DOJ–U.S. Department of Justice Tax Division/Court of Federal Claims, Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ and McKEOWN, Circuit Judges.

MEMORANDUM **

Jose Francisco Martinez–Cuadra, a native and citizen of Mexico, petitions for review of the Board of Immigration Ap-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

peals' ("BIA") order denying his motion to reopen removal proceedings. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in concluding that Martinez–Cuadra failed to demonstrate that he suffered prejudice as a result of alleged ineffective assistance of counsel. *See id.* at 889–900 (to establish a valid due process claim for ineffective assistance of counsel, an alien must show that she was prejudiced by the attorney's deficient performance). The BIA properly determined that Martinez–Cuadra failed to demonstrate how submission of additional tax returns and evidence regarding his father's illness would have affected the outcome of the proceedings. *See id.*

We lack jurisdiction to consider Martinez–Cuadra's contention that his prior counsel should have called his wife as a witness, because he failed to raise that issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (holding that exhaustion of an alleged procedural error is mandatory and jurisdictional).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).